STATE OF NORTH CAROLINA v. GARY CARLON SWINK

No. 7622SC180

(Filed 16 June 1976)

**Criminal Law § 102— jury argument — statement that defendant is "professional criminal"**

In a prosecution for breaking and entering and larceny, the district attorney's statement in his jury argument that defendant is a "professional criminal" constituted prejudicial error.

APPEAL by defendant from *Crissman, Judge.* Judgment entered 23 October 1975 in Superior Court, IREDELL County. Heard in the Court of Appeals 7 June 1976.

The defendant, Gary Carlon Swink, was charged in a bill of indictment, proper in form, with breaking or entering Houston L. Johnston's home, and larceny of personal property belonging to Houston Johnston having a total value of $2,000.00. Defendant pleaded not guilty to each charge and the State offered evidence tending to show the following:

Houston Johnston left home for work at about 8:15 a.m. on 11 April 1975. He returned home approximately one hour and fifteen minutes later and found that someone had entered his home by breaking out a window and knocking out a screen in the basement. A coin collection valued at approximately $1,800.00 and a "Winchester Commemorative Rifle" valued at $250.00 were missing.

Ronnie Saintsing testified that he, along with Gary Swink, Larry Jessup and Buddy Whitaker went to Johnston's house the morning of 11 April 1975. While Jessup and Whitaker waited outside, he and the defendant broke out a basement window and entered Johnston's house. Once inside, they took a steel tackle box containing a coin collection and a Winchester rifle and left through the same window. They saw the police approaching so they ran into the woods near Johnston's house and hid the stolen articles. Jessup and Saintsing were apprehended and the stolen property was recovered. Saintsing also testified that it was the defendant's plan to rob the house and he had led them to the house on the morning of 11 April 1975.

The defendant did not testify and offered no evidence.

The jury returned verdicts of guilty as to each charge. From judgment entered that defendant be imprisoned for four

to six years for breaking or entering and from judgment entered that he be imprisoned for three years for larceny, suspended on certain conditions, defendant appealed.

*Attorney General Edmisten by Assistant Attorney General Charles J. Murray and Assistant Attorney General Ann Reid for the State.*

*Pope, McMillan and Bender by Harold J. Bender for defendant appellant.*

HEDRICK, Judge.

The defendant contends "the trial court committed reversible error in allowing the . . . [district attorney] to make prejudicial and improper remarks to the jury." In his closing argument, the district attorney made the following statements:

> "You know, we read a lot in the paper about coddling criminals, but now it is your chance to stand up and be counted. By convicting this man, you are saying that we will not have this go on here in Iredell County."

> "This man (indicating the defendant) is a professional criminal. I know it and Mr. Bender (defendant's attorney) knows it too."

There was an objection by defendant but no ruling was made from the bench.

In *State v. Miller,* 271 N.C. 646, 157 S.E. 2d 335 (1967), the Supreme Court held it to be prejudicial error for the solicitor to refer to defendants as "habitual storebreakers." In *State v. Foster,* 2 N.C. App. 109, 162 S.E. 2d 583 (1968), the use of the term "professional crook" was held to be prejudicial error. We believe the remarks made in this case fall within the prohibition of the above cited cases and entitle defendant to a new trial.

We do not discuss defendant's other assignments of error since they are not likely to occur at a new trial.

New trial.

Judges PARKER and ARNOLD concur.